**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**WINSTON MONROE HOLLOWAY,**                                **PLAINTIFF**
**ADC #67507**

v.                    **CASE NO. 5:15CV00288 BSM**

**WILLIAM STRAUGHN**                                               **DEFENDANT**

**ORDER**

       The recommended disposition submitted by United States Magistrate Judge Jerome T. Kearney and plaintiff's objections thereto have been reviewed. Additionally, parties were permitted to submit additional evidence. *See* Doc. No. 76; Fed. R. Civ. P. 72(b)(3). Defendant William Straughn submitted an addendum to his motion for summary judgment [Doc. No. 77], and Plaintiff Winston Holloway submitted a response [Doc. No. 78]. Holloway's sister also submitted a document [Doc. No. 79], and Holloway's motion to introduce this document [Doc. No. 80] is denied as moot because this document was received. After careful consideration of all of these documents and a *de novo* review of the record, the recommended disposition is hereby adopted, with the following analysis based on the additional filings.

       Holloway's remaining claim in this lawsuit is a retaliation claim against the Warden of the Arkansas Department of Correction Cummins Unit, William Straughn. Holloway asserts that Straughn retaliated against him by transferring him to a more dangerous prison because he filed a grievance. In his recommended disposition, Judge Kearney denied

Straughn's motion for summary judgment based on a genuine dispute of material fact. Straughn then filed an addendum in which he provided affidavits from employees at the Arkansas Department of Correction's Cummins Unit. *See* Doc. No. 77, Exs. 1-3. First, Deputy Warden Jared Byers states that he arranged Holloway's transfer, that it was a routine transfer, and that Straughn did not instruct him to arrange the transfer. Byers Aff. ¶¶ 6, 9-10. Second, Classification Officer Crystal Wood states that "Deputy Warden Byers most likely instructed me to set up the Holloway transfer but I cannot precisely recall" and additionally states, "To my memory, Warden Straughn did not instruct me to arrange this transfer. I do not know if he was involved in this transfer at all." Wood Aff. ¶¶ 3, 6. Third, Assistant Classification Officer Tammy Shambley states that Crystal Wood instructed her to set up Holloway's transfer and that "Warden Straughn did not instruct me to arrange this transfer. I do not know if he was involved in this transfer at all." Shambley Aff. ¶¶ 3, 5.

Holloway disputes these three affidavits and continues to assert that Straughn retaliated against him. Holloway's sister, Patsy Rios, submitted a document in which she recounts a telephone conversation she had with Straughn. *See* Doc. No. 79. According to Rios, Straughn made the following two statements. First, Straughn said, "Sometime [sic] when an inmate complains too much, we assume that he is unhappy here so we send him to another unit where he can be happy." Second, Rios states that, in a joking manner, Straughn said, "Why? Is Winston ready to come back?"

Straughn makes two arguments for summary judgment. First, Straughn argues that Holloway's claim for retaliation must fail because Holloway cannot show that he would not

2

have been transferred "but for" the retaliatory reason. *See Hazen v. Reagen*, 16 F.3d 921, 926 (8th Cir. 1994). Second, Straughn now asserts that he is entitled to qualified immunity.

Because material disputes of fact remain, qualified immunity is denied to Straughn. When considering qualified immunity, there are "two questions: (1) whether the plaintiff has shown the violation of a statutory or constitutional right, and (2) whether that right was clearly established at the time of the alleged misconduct." *Heartland Acad. Cmty. Church v. Waddle*, 595 F.3d 798, 805 (8th Cir. 2010). "Qualified immunity is '*an immunity from suit* rather than a mere defense to liability' and 'is effectively lost if a case is erroneously permitted to go to trial.'" *Mathers v. Wright*, 636 F.3d 396, 399 (8th Cir. 2011) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Courts may address these two prongs in any order. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

First, it is clearly established that actions taken in retaliation for an inmate's filing of a grievance form in prison are actionable under 42 U.S.C. § 1983. *Nelson v. Shuffman*, 603 F.3d 439, 449-50 (8th Cir. 2010) (citing *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989)). Thus, Straughn's entitlement to qualified immunity is based on whether "the facts, viewed in the light most favorable to the plaintiff, demonstrate" a violation of this clearly established right. *Jones v. McNeese*, 675 F.3d 1158, 1161 (8th Cir. 2012).

Qualified immunity is denied because questions of fact remain, and these factual disputes, viewed in the light most favorable to Holloway, make out a violation of a clearly established right. Disputed facts cannot serve as the only basis for denying qualified immunity, but the court must resolve disputed facts in favor of the non-moving party. *See*

3

*O'Neil v. City of Iowa City*, 496 F.3d 915, 917 (8th Cir. 2007). Although Straughn has submitted three affidavits from employees at the Cummins Unit who say that Straughn was not involved in the transfer, Straughn's comments to Holloway's sister potentially tell a different story. A jury could hear those statements and believe that Straughn actually was involved in the transfer. Thus, viewing these disputed facts in the light most favorable to Holloway, the facts he has presented make out a violation of his right to be free from retaliation for filing a grievance. This evidence suggests that Straughn knew of Holloway's clearly established right to file a grievance without being retaliated against, yet violated that right. Accordingly, he is not entitled to qualified immunity.

Because a factual dispute remains, the recommended disposition is adopted, and summary judgment is denied. While the three affidavits provide one side of the story, they do not completely cure the genuine issues of material fact when they are considered alongside the phone call between Straughn and Holloway's sister. These factual issues should proceed to a jury. Therefore, Straughn's motion for summary judgment [Doc. No. 58] is denied, and Holloway's motion to strike exhibit [Doc. No. 67] is denied.

IT IS SO ORDERED this 9th day of September 2016.

_____
UNITED STATES DISTRICT JUDGE