# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**WINSTON MONROE HOLLOWAY**  **PLAINTIFF**
**ADC #67507**

v.                    CASE NO. 5:15-CV-00288 BSM

**WILLIAM STRAUGHN**    **DEFENDANT**

## ORDER

This case was tried to the bench on October 23, 2017. Having listened to the testimony and having reviewed the exhibits introduced into evidence, verdict is entered for defendant William Straughn and against plaintiff Winston Holloway.

## I. BACKGROUND

Holloway has been an inmate of the Arkansas Department of Correction ("ADC") since 1975. Holloway was housed in the Cummins unit from 1998 to 2008, when he was transferred to the Tucker Maximum Security unit. Straughn was the Cummins unit's deputy warden at the time Holloway was transferred and wrote the memorandum requesting the transfer. In 2009, Holloway was transferred back to the Cummins unit but was later transferred from Cummins to the Varner unit in March of 2015. The transfer from Cummins to Varner is the event that forms the basis of this lawsuit.

On February 6, 2015, the ADC issued Administrative Directive 15-04, which allowed inmates to seek an exemption from the grooming policy if the policy interfered with an inmate's religious beliefs. Holloway, a Nazirite, filed a grievance on February 9, 2015, because he was unsure of how to interpret the directive and wanted to avoid disciplinary

action. This grievance was rejected, and Holloway filed a second grievance on February 13, 2015. This grievance was resolved by Straughn, who had been promoted to warden. On March 9, 2015, Holloway requested an interview with Straughn to obtain an exemption from the grooming policy. On March 11, 2015, Holloway was transferred to the Varner unit.

Holloway filed this lawsuit claiming he was transferred to Varner in violation of his First Amendment rights and in retaliation for his grievances and request for interview. Holloway believes that Straughn directly or indirectly ordered his transfer to the Varner unit, which is the most violent unit in the ADC, to punish him for exercising his First Amendment right to file grievances. Straughn denies that he ordered the transfer and, in fact, states that he had no knowledge of the March 2015 transfer until after it had been completed.

## II. TESTIMONY

Holloway testified that Straughn did not like him and that, on a previous occasion in 2008, Straughn transferred him from Cummins to Tucker Max. He further testified that he was transferred to Varner merely two days after he requested an interview with Straughn. Finally, he relies on the testimony of his sister, Patsy Rios, who testified that she called Straughn to ask about Holloway's transfer, and Straughn acted suspiciously. Although Straughn said he was not aware that Holloway had been transferred, his voice inflection was offensive, and he told her Holloway was "not satisfied with the way things are here."

Straughn testified that he recommended Holloway's 2008 transfer but that he was in no way involved in the March 2015 transfer. Indeed, he testified that he was totally unaware that Holloway was being transferred. He further testified that he had no reason to dislike

2

Holloway because Holloway was a compliant inmate and that he did not remember Holloway "writing a lot of grievances."

Jared Byers, who was deputy warden at the Cummins unit in March 2015, testified that the Cummins unit received a request from the Varner unit to exchange inmates. This usually occurs when one prison unit wants to remove inmates to maintain or restore order. Byers testified that he received the request from Varner and acted within his authority to approve it without consulting Straughn. He performed no investigation into Holloway before exchanging him and two other inmates with the Varner inmates. In fact, he testified that

> We do this every day. It's not like there was any focus on any one of the three necessarily other than just trying to find length of sentence and comparable to what was being sent to us...at no time did I ever discuss this with Mr. Straughn...I didn't realize that it was an issue...It didn't seem to be an issue with me.

Further, Crystal Wood, the Cummins unit's classification officer, testified that Byers made the decision to transfer Holloway.

Jeremy Andrews testified that he was the deputy warden at the Varner unit when Holloway was transferred in March 2015. He testified that inmate transfers occur daily in the Arkansas Department of Correction and that he made the request to exchange inmates with the Cummins unit. He submitted the names of the inmates he wanted to transfer out of Varner but did not request specific inmates to be transferred back from Cummins. Andrews never communicated with Straughn but dealt with Byers and Wood. He was not required

3

to get the permission of the Varner warden or the Cummins warden to complete the exchange. He was never told by anyone at Cummins that Holloway was seeking a religious accommodation, and even if someone had told him, it would not have made a difference.

## III. RULING

When Holloway's proof is weighed against the evidence opposing it, there is no doubt that he has failed to prove that Straughn directed his March 2015 transfer in retaliation of Holloway exercising his constitutional rights. The testimony shows that Straughn played no role in the 2015 transfer. In fact, the evidence does not establish that Straughn was even aware of the transfer before it was carried out. For these reasons, verdict is rendered for defendant William Straughn, plaintiff Winston Holloway's complaint is dismissed with prejudice, and the parties shall bear their own costs.

Entered this 29th day of November 2017.

_____
UNITED STATES DISTRICT JUDGE